Entech Eng'g, P.C. v Leon D. DeMatteis Constr. Corp. (2019 NY Slip Op 07366)





Entech Eng'g, P.C. v Leon D. DeMatteis Constr. Corp.


2019 NY Slip Op 07366


Decided on October 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2019

Sweeny, J.P., Tom, Mazzarelli, Oing, Singh, JJ.


651219/14 -10081B 10081A 10081

[*1] Entech Engineering, P.C., Plaintiff-Respondent,
v
Leon D. DeMatteis Construction Corp., Defendant-Appellant, Travelers Casualty and Surety Company of America, et al., Defendants.


Westermann Sheehy Keenan Samaan & Aydelott, LLP, East Meadow (Christopher J. Sheehy of counsel), for appellant.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York (Benjamin N. Gonson of counsel), for respondent.



Judgment, Supreme Court, New York County (David B. Cohen, J.), entered July 6, 2018, to the extent appealed from as limited by the briefs, in favor of plaintiff as against defendant Leon D. DeMatteis Construction Corp., unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 29, 2018, which, inter alia, granted plaintiff's motion for summary judgment on its breach of contract claim against DeMatteis and denied DeMatteis's motion for summary judgment dismissing that claim, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered October 31, 2018, to the extent it denied DeMatteis's motion for leave to renew, unanimously affirmed, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
Defendant New York City School Construction Authority (SCA) contracted with defendant DeMatteis, a general contractor, which contracted with plaintiff for safety management services. Unbeknownst to DeMatteis, plaintiff contracted with a sub-subcontractor to perform the safety services, at an agreed hourly rate lower than its own rate under the subcontract. The subcontract provides that payment by DeMatteis to plaintiff is " Reimbursable' by SCA Change Order." SCA discovered that the safety services had been performed by a sub-subcontractor when the services were complete and it was calculating the final sum owed to DeMatteis. Because the general contract provides that SCA will pay the general contractor only for labor "directly employed at the Site," SCA paid DeMatteis for plaintiff's invoices at the sub-subcontractor's hourly rate. Plaintiff seeks payment of the difference.
DeMatteis relies on Rider C to the subcontract, which incorporates, inter alia, the general contract's requirement that subcontractors be pre-approved by SCA, and the inclusion of the phrase " Reimbursable' by SCA Change Order" in the subcontract. It contends that work for which SCA would reimburse it was subject to SCA Change Order requirements and limitations and that it is not obligated to pay plaintiff the difference between payment at plaintiff's rate and payment at the sub-subcontractor's rate, because the sub-subcontractor was not authorized to provide the site safety services.
This argument is unavailing. Rider C to the subcontract, by its terms, applies only to sub-subcontractors, suppliers and vendors, and therefore does not bind plaintiff subcontractor. Nor does the reference to SCA Change Orders in the phrase " Reimbursable' by SCA Change Order" [*2]incorporate into the subcontract the kinds of provisions of a general contract that bind a subcontractor, i.e., those relating to the scope, quality, character and manner of the work to be performed by the subcontractor (see Naupari v Murray, 163 AD3d 401, 402 [1st Dept 2018]).
DeMatteis contends that the breach of contract claim is barred by plaintiff's own fraud. However, plaintiff was not obligated to provide a site safety manager directly employed by it. Thus, DeMatteis has not shown that it was injured as a result of a misrepresentation or material omission by plaintiff (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]).
DeMatteis's motion to renew and reargue was, in substance, a motion to reargue, the denial of which is not appealable (Forbes v Giacomo, 130 AD3d 428 [1st Dept 2015], lv dismissed in part, denied in part 26 NY3d 1047 [2015]). In any event, leave to renew was properly denied because DeMatteis's submitted material did not constitute "new facts," and DeMatteis did not offer a reasonable justification for failing to submit the material on the original motion (CPLR 2221[e][2], [3]).
We have considered DeMatteis's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 15, 2019
CLERK